UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRAVIS R. PHILLIPS § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| § | CIVIL ACTION NO. 1:18-cv-00501 |
| JPMORGAN CHASE BANK, N.A., § | |
| FIRST NATIONAL BANK, GROVER J. § | |
| GEISELMAN, III, JOHN G. HOFFMAN, § | |
| AND H. DALTON WALLACE § | |
| § | |
| Defendants. § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files its Notice of Removal of this action from the 126th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support, JPMC shows this Court as follows:

1. On June 1, 2018, Plaintiff Travis R. Phillips ("Plaintiff") commenced his seventh action in connection with the property at issue in the 126th Judicial District Court of Travis County, Texas, styled *Travis R. Phillips v. JPMorgan Chase Bank, N.A., First National Bank, Grover J. Geiselman, III, John G. Hoffman, and H. Dalton Wallace*, where it was assigned Cause No. D-1-GN-18-002697 (the "State Court Action").

2. Removal is timely because thirty-days have not elapsed since JPMC was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. JPMC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the Clerk of the 126th Judicial District Court of Travis County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. Attached as "Exhibit A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings, and orders filed or entered in the State Court Action.

5. JPMC has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

### GROUND FOR REMOVAL: DIVERSITY

6. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

    **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

7. Among other things, Plaintiff seeks an injunction to restrain JPMC from foreclosing on certain real property located at 2803 Hubbard Circle, Austin, Texas (the "Property"). *See* Ex. A-2 at ¶¶ 35-43. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Specifically, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself

that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortgage, LLC*, No. 12-20668, 737 F.3d 338, 341 (5th Cir. 2013).

8. Plaintiff maintains the Property is valued in excess of $850,000. *See* Ex. A-2 at ¶ 24. The tax appraised value of the Property is $1,025,255. *See* Ex. A-2, Ex. C thereto. Plaintiff seeks to prevent JPMC from foreclosing on the Property. Thus, the amount in controversy includes the value of the Property. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

### (b) Complete diversity between Plaintiff and JPMC exists.

9. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of Travis County, Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

10. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, JPMC is a citizen of Ohio.

### (c) Defendants First National Bank, Grover J. Geiselman, III, John G. Hoffman, and H. Dalton Wallace are improperly joined.

11. Defendants First National Bank, Grover J. Geiselman, III, John G. Hoffman, and H. Dalton Wallace ("Judgment Creditor Defendants") are improperly joined and, therefore, their citizenship can be disregarded for purposes of diversity jurisdiction.

12. It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

13. Plaintiff named the Judgment Creditor Defendants solely in connection with his claim for quiet title, citing four abstracts of judgment recorded by these defendants. Abstracts of judgment, however, are not in and of themselves a cloud on title, as they do not in themselves assert any claim of lien upon homestead property. *Mauro v. Lavlies*, 386 S.W.2d 825, 826-27 (Tex.Civ.App.—Beaumont 1964, no writ); *but see Tarrant Bank v. Miller*, 833 S.W.2d 666, 667

(Tex.App.—Eastland 1992, writ denied).[1]  There is no controversy between Plaintiff and the Judgment Creditor Defendants to be decided.  *Mauro*, 386 S.W. 2d at 827.  Additionally, Texas Property Code § 52.0012 provides a straightforward mechanism to release the abstracts of judgment from homestead property without the necessity of a lawsuit.  *See* TEX. PROP. CODE § 52.0012. An affidavit filed under Subsection 52.0012(b) "serves as a release of record of a judgment lien established under this chapter." TEX. PROP. CODE § 52.0012(c).  Section 52.0012 was effective September 1, 2007, post-dating *Mauro* and *Tarrant Bank*.  Plaintiff's failure to allege he filed the affidavit further demonstrates Plaintiff's improper joinder of the Judgment Creditor Defendants.

14.     No actual, justiciable claim has been asserted against the Judgment Creditor Defendants and there are no allegations of any wrongdoing or actionable conduct by them. Accordingly, the Judgment Creditor Defendants have been improperly joined, and their citizenship should be ignored for purposes of diversity jurisdiction.

15.     The consent of the Judgment Creditor Defendants to this removal is not required because they are improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  The Judgment Creditors Defendants' consent is also not required because they have not been served with citation. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) ("Defendants (at least those not citizens of the forum state)

---

[1] *Tarrant Bank*, however, is distinguishable.  In that case, the judgment creditor refused debtors' request for a partial release of lien when the debtors sought to sell homestead property.  The sale was lost when the judgment creditor refused and debtors sued the judgment creditor for declaratory relief and slander of title.  Here, Plaintiff does not allege he is attempting to sell the Property nor does he allege the Judgment Creditor Defendants have taken any action on the judgment liens.

who are unserved when the removal petition is filed need not join in it."). In fact, no citation has been issued for the Judgment Creditor Defendants.

16. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while the only properly joined defendant is a citizen of Ohio, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, JPMC prays that the above-described action now pending in the 126th Judicial District Court of Travis County, Texas be removed to this Court.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
GREGORY M. SUDBURY
Texas Bar No. 24033367
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
gsudbury@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that on June 14, 2018, a true and correct copy of the foregoing pleading has been furnished to Plaintiff via e-mail and First Class Mail in accordance with the Federal Rules of Civil Procedure.

George B. Slade
LAW OFFICES OF GEORGE B. SLADE
5000 Bee Caves Rd., Ste. 106
Austin, Texas 78746

Anatole R. Barnstone
713 West 14th Street
Austin, Texas 78701

                                            */s/ Gregory M. Sudbury*
                                            Gregory M. Sudbury