IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 MAY 13  PM 4: 43

TRAVIS R. PHILLIPS,
     **Plaintiff,**

-vs-                    Case No.  A-16-CA-287-SS

JPMORGAN CHASE BANK, N.A.,
     **Defendant.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Travis R. Phillips' First Amended Complaint [#15]; Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss the First Amended Complaint [#17]; Plaintiff's Response [#20] thereto; and Defendant's Reply [#21] in support. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Now for the fifth time, Plaintiff Travis R. Phillips sues Defendant JPMorgan Chase Bank, N.A. to prevent foreclosure on real property located at 2803 Hubbard Circle, Austin, Texas 78746 (the Property).[1]  Phillips and his spouse purchased the Property in 1988 with a mortgage currently

---

[1] The first three lawsuits were dismissed by this Court for failure to state a claim, the third of which was with prejudice. *See Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-544-SS (W.D. Tex. Jul. 15, 2014) (Third Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-054-SS (W.D. Tex. Mar. 4, 2014) (Second Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-905-SS (W.D. Tex. Nov. 5, 2012) (First Suit). Summary judgment was granted in favor of JPMorgan as to each of Phillips' claims in the fourth suit. *See Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:15-CV-790-SS (W.D. Tex. Jan. 15, 2016) (Fourth Suit). The loan instruments referred to by Phillips in his amended pleadings were filed as part of these lawsuits or are matters of public record. To the extent these documents are central to his claims, the Court may consider them in ruling on the motion to dismiss. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).


EXHIBIT A



assigned to JPMorgan. Phillips eventually defaulted on his payments, and was unable to obtain a modification of the loan. On February 16, 2016, Phillips apparently received his most recent Notice of Acceleration and Notice of Substitute Trustee Sale, informing Phillips the debt had been accelerated and the Property would be subject to a non-judicial foreclosure sale on March 1, 2016. *See* Am. Compl. [#15] ¶¶ 29, 39; *id.* Ex. I.

On February 29, 2016, after several unsuccessful attempts to discuss the matter with JPMorgan representatives, Phillips again sued JPMorgan to prevent foreclosure on the Property.[2] On March 10, 2016, JPMorgan removed the case to federal court on the basis of diversity. On March 31, 2016, Phillips filed the first amended complaint, the presently operative pleading. Phillips asserts three claims for relief: (1) JPMorgan's right to foreclose is time barred; (2) JPMorgan lacks authority to foreclosure as either mortgagee or mortgage servicer based on defects in the 2011 assignment of the mortgage; and (3) JPMorgan breached the terms of the Deed of Trust, thereby entitling Phillips to have the security instrument discontinued. Phillips also seeks declaratory and injunctive relief. JPMorgan now moves to dismiss all claims against it under Rule 12(b)(6) and the motion is ripe for consideration.

## Analysis

### I.   Legal Standard—Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff

---

[2] Phillips filed each of the first four suits pro se; he files the instant action with the assistance of counsel.

must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

### A.   Res Judicata

The Court begins its discussion with Phillips' challenge to JPMorgan's authority to foreclose on the Property as assignee of the Deed of the Trust. Phillips seeks to quiet title in his name on the

grounds the 2011 mortgage assignment executed by a JPMorgan representative who did not have authority to act on behalf of Franklin Federal Savings Bank, the successor in interest to the original lender. Specifically, Phillips claims the special power of attorney giving JPMorgan authority to assign certain loans on behalf of Franklin did not apply to his mortgage.

JPMorgan argues this claim is barred by the doctrine of res judicata, and the Court agrees. "The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004). Claims are barred by res judicata if the following four elements are met: (1) the parties in both the prior suit and the current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. *Id.* at 313. The prior and current suits involve the same cause of action when the claims arise out of the "same nucleus of operative facts." *Id.*

The first three elements are undoubtedly met. This is Phillips' fifth lawsuit against JPMorgan and this Court entered a final judgment on the merits in both the Third Suit and Fourth Suit. With respect to the fourth element, Phillips contends the instant quiet title claim is different from any previously brought claims because it has a different "focus" and alleges "new facts." This argument is without merit. Phillips' claim challenging the validity of the loan assignment in this case arises from the "same nucleus of operative facts" as the Third Suit, namely the assignment from Franklin Federal Savings Bank to JPMorgan. *See* Third Suit at 3–4 (dismissing with prejudice a similar claim arising from the 2011 assignment of the mortgage and finding "the documents provided by JPMorgan establish it is both the holder of the Note and the owner and holder of the Deed of Trust").

While Phillips may have modified his theory in the instant case, res judicata extends beyond claims that were actually raised and applies also to all claims that *"could have been raised."* Davis, 383 F.3d at 313 (emphasis added); *see also In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Because the claims involve the same operative facts as claims disposed of in the Third Suit, and because Phillips could have raised this claim in any of his prior four suits, the Court finds Phillips' quiet title action is barred by res judicata and is therefore due to be dismissed.[3]

### B.   Plea in Bar

Phillips next argues even if JPMorgan could show a valid transfer of the right to foreclose under the Deed of Trust, such a right is time barred by the four-year period set forth in TEXAS CIVIL PRACTICES AND REMEDIES CODE § 16.035. According to Phillips, JPMorgan accelerated the Note on June 2, 2010 and then attempted to rescind acceleration by notice dated September 21, 2015, six days after the § 16.035 limitations period expired on September 15, 2015. Because the rescission was untimely, Phillips concludes JPMorgan's right to foreclose terminated on September 15, 2015 and the February 2016 Notice of Acceleration and Notice of Substitute Trustee Sale is barred.

This argument fails. Conveniently, Phillips omits mention of the Notice of Default and Intent to Accelerate sent to him on April 11, 2014, within the four years of the original June 2, 2010 acceleration. *See* Jan. 15, 2016 Ord. [#5] at 5, Fourth Suit; *id* [#4-2] Ex. B-1 (Notice of Default and Intent to Accelerate). This April 11, 2014 notice of default and intent to accelerate operates to abandon the prior acceleration as a matter of law, "restoring the contract to its original condition, including restoring the note's original maturity date." *Khan v. GBAK Properties, Inc.*, 371 S.W.3d

---

[3] Phillips' arguments challenging the validity of the loan assignment additionally fail for the same reasons his similar claims in the Third Suit failed: "the alleged lack of authority would render the assignment merely voidable." Sept. 16, 2014 Ord. [#6] at 3, Third Suit.

347, 356 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Because the April 2014 notice was sent before the limitations expired, JPMorgan was no longer required to foreclose within the original four-year period, which ended on September 15, 2015. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) (holding that a second notice of default and intent to accelerate "unequivocally manifested an intent to abandon the previous acceleration and provided the [plaintiffs] with an opportunity to avoid foreclosure if they cured their arrearage . . . [meaning] the statute of limitations period under § 16.035(a) ceased to run at that point"). To the extent Phillips argues his contractual reinstatement right negates JPMorgan's abandonment of acceleration, he has provided no authority for his position, and the Court finds it to be without merit. JPMorgan's foreclosure right is not time barred under § 16.035 and Phillips' plea in bar claim, and accompanying request for declaratory relief, must be dismissed.

### C.       Breach of Contract and Specific Performance

Finally, Phillips claims JPMorgan's failure to provide him with a reinstatement amount was a complete repudiation and breach of the contractual reinstatement rights set forth under Section 18 of the Deed of Trust. Based on this alleged breach, Phillips claims he has "the right to have enforcement of the Security Instrument discontinued." *See* Am. Compl. [#15] ¶ 43; *see also id.* [#15-1] Ex. A (Deed of Trust) Section 18. However, Phillips' breach of contract claim cannot proceed because Phillips has not established JPMorgan had any express or implied duty to supply him with a reinstatement amount in the first place.[4] Even if Phillips could establish a contractual or extra-contractual duty to provide a reinstatement amount, his claim would nonetheless fail because

---

[4] Confusingly, Phillips' own pleadings allege a JPMorgan representative provided him with a reinstatement amount over the phone on February 16, 2016. *See* Am. Compl. [#15] at ¶ 29.

Texas law prohibits defaulting mortgagors from maintaining an action for breach of contract. *See Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 474 (5th Cir. 2014). Phillips' breach of contract claim is therefore subject to dismissal and he is not entitled to have enforcement of the Deed of Trust "discontinued."

## Conclusion

Phillips has—now for the fourth time—failed to state any claim upon which relief can be granted, and has not showed himself entitled to any relief in either law or equity. The dilatory tactics must end. The Court finds any further amendment would be futile and dismisses Phillips' claims with prejudice.

Additionally, the Court hereby expressly warns Phillips and his counsel to read and review Federal Rule of Civil Procedure 11 before filing any other lawsuits related to these issues.[5] Any further filing of such lawsuits will result in severe monetary sanctions, including but not limited to reasonable attorney's fees related to JPMorgan's defense of claims brought by Phillips beginning July 16, 2014.

Accordingly,

IT IS ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss the First Amended Complaint [#17] is GRANTED;

---

[5] Rule 11 provides that when a party signs pleadings in his case, he must, under law, be certifying to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances that the pleadings are not being presented for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation; that the claims and legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law; and that the allegations of factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b). Penalties for a violation of these rules include "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c).

IT IS FURTHER ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim [#4] is DISMISSED AS MOOT; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff Travis R. Phillips in the above-styled cause are DISMISSED WITH PREJUDICE.

SIGNED this the 14th day of May 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE