# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS R. PHILLIPS | § | |
| | § | A-18-CV-501-RP |
| V. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., et al. | § | |

## ORDER

Before the Court are Defendant's Motion for Sanctions (Dkt. No. 5); Plaintiff's Response (Dkt. No. 8); Defendant's Reply (Dkt. No. 10). On October 3, 2018, the District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Court Rules.[1]

## I. GENERAL BACKGROUND

This is the seventh lawsuit filed by Travis R. Phillips to prevent the foreclosure of real property located at 2803 Hubbard Circle, Austin, Texas 78746 ("the Property"). Phillips and his spouse purchased the Property in 1988 with a mortgage currently assigned to JPMorgan Chase Bank, N.A. ("JPMorgan"). Phillips eventually defaulted on his payments, and was unable to obtain a modification of the loan. JPMorgan subsequently initiated foreclosure of the Property, and, as referenced above, Phillips has filed numerous lawsuits to prevent such efforts. The District Court has dismissed all of Phillips' prior lawsuits. *See Phillips v. JPMorgan Chase Bank, NA.*, No. 1:12-CV-905-SS (W.D. Tex. Nov. 5, 2012) (First Suit) (dismissed with prejudice); *Phillips v. JPMorgan Chase Bank, NA.*, No. 1:14-CV054-SS (W.D. Tex. Mar. 4, 2014) (Second Suit)

---

[1] Plaintiff has sought leave to file a supplement to his response to the request for sanctions (Dkt. No. 15). The Court **GRANTS IN PART AND DENIES IN PART** that motion. The Court **GRANTS** the Motion with regard to supplementing Exhibit C to the response to include the portions of the document that were accidentally left off. The Court **DENIES** the Motion with regard to the request to submit additional argument, as it is in effect an improper and unnecessary surreply.

(dismissed with prejudice); *Phillips v. JPMorgan Chase Bank, NA.*, No. 1:1 4-C V-544-SS (W.D. Tex. Jul. 15, 2014) (Third Suit) (dismissed with prejudice); *Phillips v. JPMorgan Chase Bank, NA.*, No. 1:15-CV-790-SS (W.D. Tex. Jan. 15, 2016) (Fourth Suit) (summary judgment granted in favor of defendant); *Phillips v. JPMorgan Chase Bank, NA.*, No. 1:16-CV-287-SS (W.D. Tex. May 13, 2016) (Fifth Suit) (dismissed with prejudice); and *Phillips v. JPMorgan Chase Bank, NA.*, No. 1:17-CV-1074-SS (W.D. Tex. Nov. 14, 2017) (Sixth Suit) (dismissed with prejudice).

In addition, the District Court has warned Phillips on two previous occasions that any further court filings by Phillips challenging the foreclosure would result in "severe monetary sanctions." For example, in the Order dismissing his Fifth Suit *with prejudice*, after finding that Phillips' claims were barred by *res judicata*, the District Court stated the following:

> Phillips has—now for the fourth time—failed to state any claim upon which relief can be granted, and has not showed himself entitled to any relief in either law or equity. The dilatory tactics must end. The Court finds any further amendment would be futile and dismisses Phillips' claims with prejudice.
>
> Additionally, the Court hereby expressly warns Phillips and his counsel to read and review Federal Rule of Civil Procedure 11 before filing any other lawsuits related to these issues. *Any further filing of such lawsuits will result in severe monetary sanctions*, including but not limited to reasonable attorney's fees related to JPMorgan's defense of claims brought by Phillips beginning July 16, 2014.

*Phillips v. JPMorgan Chase Bank, N.A.*, 2016 WL 8711408, at *4 (W.D. Tex. May 13, 2016) (Fifth Suit) (emphasis added), *aff'd*, 673 F App'x 449, 450 (5th Cir. 2017). Similarly, in its Order dismissing Phillips Sixth Suit *with prejudice*, after finding that JPMorgan was entitled to dismissal of all of Phillips' claims and any amendment of his complaint would be futile, the Court again warned Phillips what would happen if he filed any future lawsuits attacking the foreclosure:

> JPMorgan initiated its foreclosure efforts of the Property in 2012. Since then, Phillips has repeatedly sought court intervention to prevent foreclosure. He has successfully

delayed foreclosure for years with meritless legal actions. These actions continue to waste time and resources. Thus, the Court repeats its earlier warning to Phillips and his counsel: continued dilatory tactics through the court system will result in severe monetary sanctions.

Sixth Suit, Dkt. No. 21.

Despite these warnings, Phillips filed his seventh lawsuit against JPMorgan, once again attempting to challenge the foreclosure. Like the previous suits, the case was filed in state court. It was removed to this Court on June 14, 2018. In the case, Phillips seeks a temporary restraining order to prevent a foreclose sale, arguing that he has a lender willing to refinance the house, but JPMorgan has "failed to provide a pay-off amount and frustrated Plaintiff's good-faith efforts to discharge his obligations under the note." Dkt. No. 1-1 at 14. In addition to naming JPMorgan as a defendant, Phillips has also named First National Bank, Grover Geiselman III, John Hoffman and H. Dalton Wallace as defendants in this case.

In response to this latest lawsuit, on June 25, 2018, JPMorgan filed a motion for summary judgment, Dkt. No. 6, and on July 13, 2018, Phillips filed a motion seeking to dismiss his claims against JPMorgan, contending that it is no longer a necessary party, Dkt. No. 9. JPMorgan opposes the dismissal because Phillips fails to state whether he is seeking to dismiss the suit with or without prejudice, and notes that it will only accede to the voluntary dismissal if it is with prejudice. Dkt. No. 11. Because neither of these motions have been referred to the undersigned, however, the Court does not address them here. Rather, the focus of this order is the motion for sanctions JPMorgan filed on June 25, 2018, where it argues that Phillips' claims are barred by *res judicata* and that "this lawsuit was filed for the improper purpose of causing unnecessary delay and the factual contentions in Plaintiff's Petition lack evidentiary support." Dkt. No. 5 at 2. JPMorgan "requests that, consistent

with the Orders entered in Suits 5 and 6, the Court grant JPMC its attorneys' fees and expenses related to the defense of claims brought by Plaintiff beginning July 16, 2014. . . ." *Id.* at p. 2-3.

## II. ANALYSIS

JPMorgan argues that it is entitled to sanctions in this case because Phillips filed this seventh lawsuit against it simply to delay yet again the foreclosure of the Property "worth nearly one million dollars . . . in which he has lived without paying his mortgage for approximately nine years." Dkt. No. 5 at p. 4. JPMorgan argues that all of the claims in this lawsuit are barred by *res judicata* and violate the Court's previous warnings not to file any further lawsuits related to the foreclosure. Accordingly, JPMorgan seeks to recover its reasonable attorneys' fees and expenses incurred related to the defense of Suits Four, Five, Six and Seven from the period of July 16, 2014, through June 20, 2018. Because Phillips originally filed this lawsuit in Texas state court, JPMorgan moves for sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13. JPMorgan seeks attorneys' fees and expenses it incurred related to the defense of Suits Four through Seven, totaling $52,084.01. JPMorgan requests that the fees and expenses incurred in Suits Six and Seven be imposed jointly and severally with attorney George Slade, who has been Phillips' counsel in both those suits, and as to Suit Seven, jointly and severally with attorney Anatole Barnstone, who is also counsel in this case. In response, Phillips contends that his conduct does not merit the imposition of sanctions because he has only "asserted or sought protection of rights granted by law." Dkt. No. 8 at 3. Phillips also contends that an award of sanctions would be unjust, and that JPMorgan has presented insufficient evidence to support the attorneys fees and costs sought in its motion.

A.     **The Court's authority to impose sanctions**

JPMorgan has moved for attorney's fees under the Texas Civil Practice and Remedies Code and Rules of Civil Procedure. The Court finds that it would be appropriate to award sanctions in this case under its inherent powers. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)); see also, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire*, 137 S.Ct. at 1186. "And one permissible sanction is an 'assessment of attorney's fees'—an order, like the one [requested] here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.* The Supreme Court has found that a federal court may assess attorney's fees as a sanction for the "willful disobedience of a court order" and when a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45-6 (internal citations and quotations omitted).[2] The Supreme Court has made it clear that such sanctions "must be compensatory rather than punitive in nature." *Goodyear Tire*, 137 S. Ct. at 1186. "In other words, the fee award may go

---

[2]The Supreme Court has also recognized the court's inherent power to assess attorney's fees against counsel who has abused the judicial process. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) ("If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.").

5

no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.*

**B.      Sanctions are appropriate in this case**

JPMorgan is entitled to an award of reasonable attorneys' fees and expenses. Phillips and his counsel have violated the District Court's warnings not to engage in delay tactics by filing more lawsuits challenging the foreclosure of Phillips' property. As noted above, the District Court clearly warned Phillips in the Order dismissing his Fifth Case that if he filed any further lawsuits challenging the foreclosure he would face "severe monetary sanctions, including but not limited to reasonable attorney's fees related to JPMorgan's defense of claims brought by Phillips beginning July 16, 2014." *Phillips*, 2016 WL 8711408 at *4. Instead of heeding the District Court's warning, Phillips filed another lawsuit, the Sixth Case. In its dismissal Order of Phillips' Sixth Case, the District Court noted that Phillips has "successfully delayed foreclosure for years with meritless legal actions" and again warned Phillips and his Counsel that "continued dilatory tactics through the court system will result in severe monetary sanctions." Dkt. No. 21 in 1:17-CV-1074-SS.[3]

Phillips ignored these warnings in filing this case, where he once again seeks to halt JPMorgan's foreclosure of the Property. Given Phillips' delay tactics and his willful violation of two Court Orders, sanctions are appropriate. *See Chambers*, 501 U.S. at 58 (affirming award of attorney's fees against party who violated court orders and engaged in bad faith); *In re Shah*, 203 F App'x 557, 558 (5th Cir. 2006) (affirming district court's decision to order vexatious plaintiff to pay approximately $53,000 in attorneys' fees after plaintiff filed another frivolous lawsuit after being

---

[3]It does not appear that JPMorgan moved for sanctions in the Sixth Case, which may explain why the District Court did not impose sanctions at that time and instead issued another warning.

warned not to file any more frivolous filings); *Robertson v. Home Depot, Inc.*, 2017 WL 662984, at *9 (M.D. La. Feb. 17, 2017) (awarding attorney's fees after plaintiff violated court order); *Hao Liu on Behalf of United States v. Hopkins Cty.*, 2016 WL 11200229, at *6 (E.D. Tex. Dec. 20, 2016) (finding that award of attorney's fees as sanctions was warranted where plaintiff continued to violate court orders); *Nixon v. Abbott*, 2014 WL 223644 at * 4 (N.D. Tex. Jan. 17, 2014) (imposing pre-filing sanctions on plaintiff who ignored court's previous warning not to file any future frivolous lawsuits). As noted, on May 13, 2016, Judge Sparks warned Phillips and his counsel that the filing of any further lawsuits challenging the foreclosure would result in severe monetary sanctions "including but not limited to reasonable attorney's fees related to JPMorgan's defense of claims brought by Phillips beginning July 16, 2014." *Phillips,* 2016 WL 8711408, at *4. Despite the clear warning, Phillips filed two more lawsuits. Accordingly, the Court finds that sanctions are appropriate in this case and will order Plaintiff to pay JPMorgan reasonable and necessary attorneys' fees and expenses related to the defense of claims brought by Plaintiff beginning July 16, 2014, through June 20, 2018 in the amount of $52,084.01, plus any additional reasonable and necessary fees and expenses incurred by JPMorgan between June 20, 2018, and the entry of this Order.

With regard to JPMorgan's request that the sanctions be imposed jointly and severally on Phillips' attorneys as well, the Court will withhold ruling on that issue until it receives further briefing. Mr. Anatole Barnstone filed his Corrected Motion for Leave to File Response to Allegations against Plaintiff's Counsel (Dkt. No. 13) on July 20, 2018. JP Morgan opposed the filing, contending that it covered ground already discussed in earlier filings. Though JP Morgan is mostly correct on this point, the Court will **GRANT** the Motion (Dkt. No. 13), but JPMorgan may respond to any of Barnstone's arguments, as set forth below.

## III. CONCLUSION AND ORDER

In summary, the Court **GRANTS** JPMorgan Chase Bank, N.A.'s Motion for Sanctions (Dkt. No. 5). The Court will impose sanctions against Phillips in the amount of $52,084.01, plus the reasonable and necessary costs and fees JPMorgan has incurred after June 20, 2018. In this regard, the Court **ORDERS** JPMorgan to file a supplemental brief no later than **December 7, 2018**, identifying the additional fees and expenses it incurred after June 20, 2018, and including any additional argument it wishes to make regarding the joint and several nature of any sanctions. No later than December 14, 2018, Plaintiff may file a response on the limited issue of the appropriateness of the fees requested for the time after June 20, 2018. Finally, no later than December 14, 2018, Mr. Barnstone and Mr. Slade may file a response, addressing whether any part of the sanctions should be imposed against them jointly and severally, and addressing the proper amount of any sanction should one be imposed against them. JPMorgan may file a reply to any response no later than **December 21, 2018**.

SIGNED this 30th day of November, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE