UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS R. PHILLIPS | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK, GROVER J. GEISELMAN, III, JOHN G. HOFFMAN, AND H. DALTON WALLACE | § § § § § § | CIVIL ACTION NO. 1:18-cv-00501-RP |
| Defendants. | § | |

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S
### SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS

On November 30, 2018 the Court issued its Order (Doc. 18) granting JPMorgan Chase Bank, N.A.'s ("JPMC") Motion for Sanctions (Doc. 5). The Court ordered JPMC to file a supplemental brief identifying the additional fees and expenses it has incurred since June 20, 2018 and making additional arguments regarding the joint and several nature of the sanctions imposed. JPMC files this Supplemental Brief addressing those issues and respectfully shows the Court as follows:

**A.    JPMC has incurred additional fees and expenses since June 20, 2018.**

JPMC has incurred $11,854 in reasonable attorneys' fees and $48.29 in expenses after June 20, 2018. *See* Supplemental Declaration of Gregory Sudbury, attached as Exhibit A. The total amount of attorneys' fees and expenses incurred by JPMC in this suit is now $25,067.69. *Id.*

**B. Sanctions should be imposed against Plaintiff and his attorneys jointly and severally.**

The Court has given JPMC the opportunity to expand upon its prior briefing regarding whether the sanctions imposed against Plaintiff should be imposed jointly and severally against his attorneys. Doc. 18, p. 8. The sanctions should be jointly and severally imposed on Plaintiff's attorneys, at least with respect to Sixth and Seventh Suits.

For the reasons set forth in JPMC's Motion for Sanctions (Doc. 5), Reply (Doc. 10), and the Court's November 30, 2018 Order (Doc. 18), George Slade, Plaintiff's attorney during the Sixth and Seventh Suits should be jointly and severally liable for the attorneys' fees and costs incurred during the lawsuits in which he represented Plaintiff. Similarly, Anatole Barnstone should be jointly and severally liable for the attorneys' fees and costs incurred during the present (Seventh) lawsuit in which he has represented Plaintiff.

JPMC has incurred $25,067.69 in attorneys' fees and costs in this Seventh Suit for which Plaintiff, Slade, and Barnstone should be jointly and severally liable. Ex. A. JPMC incurred $18,969.54 in attorneys' fees and costs in connection with the Sixth Suit for which only Plaintiff and Slade should be held jointly and severally liable. Ex. A. Plaintiff alone should be liable for sanctions for attorneys' fees and costs incurred prior to his representation by Slade or Barnstone in the amount of $19,949.07. Ex. A. In total, JPMC's attorneys' fees and costs are $63,986.30. Ex. A.

In its Order, the Court indicated that although JPMC moved for sanctions pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13 (because at the time the motion was filed, the sanctionable conduct in the present suit had occurred in state court prior to removal), it has determined sanctions are appropriate under its inherent

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR SANCTIONS**                                                             **PAGE 2**

powers. Doc. 18, p. 5. Regardless of whether sanctions are imposed pursuant to the Court's inherent power or within the framework of Texas law, the sanctions should be imposed jointly and severally. The Court should ignore the egregiously inappropriate request in Plaintiff's unsworn declaration, attached to his Response to Defendant's Motion for Sanctions (Doc. 8), wherein he asks the Court to spare his attorneys and direct all sanctions at him. If Plaintiff wishes to pay the sanctions for which his attorneys are liable, he may do so, but the Court should not indulge the efforts of a disbarred attorney to fall on his own sword to protect his attorneys, knowing it will be far more difficult, if not impossible, for JPMC to collect an award from sanctions from him than from his attorneys.

The Fifth Circuit has held that where a federal district court exercises its inherent powers to impose sanctions, both the sanctioned party and its attorney(s) may be held jointly and severally liable. *Meyers v. Textron Fin. Corp.*, 609 F. App'x 775, 777-80 (5th Cir. 2015) (affirming sanctions imposed jointly and severally, pursuant to the court's inherent powers, against a party and its attorney for filing a complaint that was false and an attempt to avoid the effects of res judicata); *see Bynum v. American Airlines, Inc.*, 166 F. App'x 730, 732 (5th Cir. 2006) (stating that joint and several liability for sanctions is not appropriate under 28 U.S.C. § 1927 but implying that it is appropriate under the court's inherent power).

When a federal district court imposes sanctions pursuant to its inherent powers, it must make a finding that the sanctioned party engaged in conduct tantamount to bad faith. *Id., at 735*. For the reasons set forth in JPMC's Motion for Sanctions and its Reply in Support of Its Motion for Sanctions (Doc. 5 and 10), Plaintiff and each of his attorneys have been shown to have acted in bad faith. Further, as the Court noted in its Order, "Phillips *and his counsel* have violated the District Court's warnings not to engage in delay tactics by filing more lawsuits challenging the

foreclosure of Phillips' Property." Doc. 18, p. 6 (emphasis added). Accordingly, sanctions against each of them are appropriate.

Joint and several liability for sanctions is also appropriate for sanctions imposed pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code or Texas Rule of Civil Procedure 13. *DTND Sierra Investments, L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) ("Attorneys or parties may also be sanctioned under Texas Civil Practices and Remedial [sic] Code for frivolous actions… ."); Tex. R. Civ. P. 13 ("If a pleading, motion or other paper is signed in violation of this rule, the court … shall impose an appropriate sanction … upon the person who signed it, a represented party, or both."); *see also Younts v. First Prosperity Bank*, No. 13-02-545-CV, 2005 WL 608238, at *1-2 (Tex. App.—Corpus Christi-Edinburg, March 17, 2005, no pet.) (stating both Chapter 10 and Rule 13 allow joint and several liability for sanctions).

Similarly, joint and several liability is appropriate where sanctions have been imposed pursuant to Federal Rule of Civil Procedure 11. *Jennings v. Joshua Independent School Dist.*, 977 F.2d 313, 321 (5th Cir. 1989) (affirming joint and several liability for sanctions against Plaintiff and his attorney where there was no legal or factual basis for the claims asserted against defendants, pursuant to Rule 11).

While there are circumstances or statutes under which joint and several liability for sanctions is not appropriate, those circumstances and statutes are not implicated here. The Fifth Circuit has made it clear that parties and their attorneys may be jointly and severally liable for sanctions. Accordingly, Slade and Barnstone should be jointly and severally liable for the attorneys' fees imposed as sanctions for the time they each represented Plaintiff in this frivolous, serial litigation.

WHEREFORE, PREMISES CONSIDERED, JPMC respectfully requests the Court grant its Motion for Sanctions against Plaintiff, his attorney George Slade, and his attorney Anatole Barnstone and enter an order directing payment to JPMC for reasonable attorneys' fees and expenses resulting from the sanctionable conduct. JPMC also requests all other such relief to which it is justly entitled.

Respectfully submitted,

 /s/ Gregory M. Sudbury
WM. LANCE LEWIS
Texas Bar No. 12314560
GREGORY M. SUDBURY
Texas Bar No. 24033367
ERIC G. CARLSON
Texas Bar No. 24100076
**QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
gsudbury@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

# CERTIFICATE OF SERVICE

This is to certify that on December 7, 2018, a true and correct copy of the foregoing pleading has been furnished to Plaintiff via ECF in accordance with the Federal Rules of Civil Procedure.

George B. Slade
LAW OFFICES OF GEORGE B. SLADE
5000 Bee Caves Rd., Ste. 106
Austin, Texas 78746
(512) 347-7085 (Facsimile)
Gslade@sladelawoffices.com

Anatole R. Barnstone
713 West 14th Street
Austin, Texas 78701
(512) 482-8095 (facsimile)
barnstonelaw@gmail.com

                                           */s/ Gregory M. Sudbury*
                                           Gregory M. Sudbury