IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRAVIS R. PHILLIPS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §     1:18-CV-501-RP |
| | § |
| JP MORGAN CHASE BANK, N.A., | § |
| FIRST NATIONAL BANK, GROVER J. | § |
| GEISELMAN, III, JOHN G. HOFFMAN, | § |
| and H. DALTON WALLACE, | § |
| | § |
| Defendants. | § |

## ORDER

Before the Court are Plaintiff Travis R. Phillips's ("Phillips") Motion to Dismiss Claims Against Defendant J.P. Morgan Case (sic) Bank, N.A., (Mot. Dismiss, Dkt. 9); Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") response, (Resp., Dkt. 11); and JPMC's Motion for Summary Judgment, (Mot. Summ. J., Dkt. 6).[1] Having reviewed the parties' submissions, the record, and relevant law, the Court will deny Phillips's motion and grant JPMC's.

## I. BACKGROUND

In 1988, Phillips purchased the real property located at 2803 Hubbard Circle, Austin, Texas, 78746 ("the Property"), with a mortgage currently assigned to JPMC. (Orig. Compl., Ex. A-2, Dkt. 1-1, ¶¶ 12, 14). Phillips eventually defaulted on his payments, and JPMC initiated foreclosure proceedings in 2012. (*Id.*). Since then, Phillips has filed seven lawsuits in this Court (the instant action is the seventh) seeking to prevent the foreclosure of the Property. The Court has dismissed all

---

[1] Phillips did not file a reply to JPMC's response to his motion to dismiss or a response to JPMC's motion for summary judgment.

of Phillips's prior suits.[2] Moreover, in dismissing the two most-recent suits, the Court warned Phillips that further filings challenging foreclosure of the Property would result in severe monetary sanctions. In dismissing Phillips's fifth lawsuit, the Court stated:

> Phillips has—now for the fourth time—failed to state any claim upon which relief can be granted, and has not showed himself entitled to any relief in either law or equity. The dilatory tactics must end. The Court finds any further amendment would be futile and dismisses Phillips' claims with prejudice.
>
> Additionally, the Court hereby expressly warns Phillips and his counsel to read and review Federal Rule of Civil Procedure 11 before filing any other lawsuits related to these issues. *Any further filing of such lawsuits will result in severe monetary sanctions*, including but not limited to reasonable attorney's fees related to JPMorgan's defense of claims brought by Phillips beginning July 16, 2014.

*See Phillips v. JPMorgan Chase Bank, N.A.*, 2016 WL 8711408, at *4 (W.D. Tex. May 13, 2016) (Fifth Suit) (emphasis added), *aff'd*, 673 F. App'x 449, 450 (5th Cir. 2017). The Court repeated its warning to Phillips when it dismissed his sixth lawsuit:

> JPMorgan initiated its foreclosure efforts of the Property in 2012. Since then, Phillips has repeatedly sought court intervention to prevent foreclosure. He has successfully delayed foreclosure for years with meritless legal actions. These actions continue to waste time and resources. Thus, the Court repeats its earlier warning to Phillips and his counsel: *continued dilatory tactics through the court system will result in severe monetary sanctions*.

---

[2] *See Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-905-SS (W.D. Tex. Nov. 5, 2012) (First Suit) (dismissed without prejudice); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV054-SS (W.D. Tex. Mar. 4, 2014) (Second Suit) (dismissed without prejudice); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-544-SS (W.D. Tex. Jul. 15, 2014) (Third Suit) (dismissed with prejudice); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:15-CV-790-SS (W.D. Tex. Jan. 15, 2016) (Fourth Suit) (summary judgment granted in favor of defendant); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:16-CV-287-SS (W.D. Tex. May 13, 2016) (Fifth Suit) (dismissed with prejudice); and *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:17-CV-1074-SS (W.D. Tex. Nov. 14, 2017) (Sixth Suit) (dismissed with prejudice).

*Phillips v. JP Morgan Chase Bank, N.A.*, No. A-17-CV-01074-SS, 2018 WL 493401, at *4 (W.D. Tex. Jan. 19, 2018) (Sixth Suit) (emphasis added).

Despite these warnings, Phillips filed the instant action on June 14, 2018. (Compl., Dkt. 1).[3]

## II. LEGAL STANDARD

### A. Rule 41(a)(2)

Phillips moves the Court to dismiss his claims against JPMC under Federal Rule of Civil Procedure 41(a)(2). (Mot. Dismiss, Dkt. 9, at 2). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Id.* at 1274–75.

### B. MSJ

JPMC moves for summary judgment on all of Phillips's claims. (Mot. Summ. J., Dkt. 6, at 11). Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

---

[3] JPMC moved for sanctions against Phillips and his attorney for filing this suit. (Dkt. 5). The Court referred that motion to the Magistrate Judge, (Dkt. 17), and the Magistrate Judge concluded that sanctions were appropriate because this seventh lawsuit is a further "delay tactic[ ]" by Phillips to prevent foreclosure of the Property, (R. & R., Dkt. 18, at 6–7).

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

#### A. Motion to Dismiss

In his motion to dismiss, Phillips requests that the Court dismiss his cause of action against JPMC under Rule 41(a)(2) because "JPMC is no longer a necessary party to this litigation." (Mot. Dismiss, Dkt. 9, at 2). Phillips does not indicate whether he seeks dismissal with or without prejudice. Counsel for JPMC conferred with Phillips's counsel by email after Phillips filed his motion to dismiss and indicated that JPMC would not be opposed to dismissal *with prejudice* of the claims against it. (Resp., Dkt. 11, at 1). Phillips's counsel indicated that he would dismiss the claims with prejudice *only if* JPMC withdrew its motion for sanctions against Phillips and his counsel in this case. (*Id.*). JPMC refused to do so. (*Id.*). The Court therefore construes Phillips's motion to request dismissal of his claims against JPMC without prejudice.

The Court will deny Phillips's motion. Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton*, 901 F.2d at 1274. This is Phillips's seventh lawsuit against JPMC challenging foreclosure of the Property. In the last four of these suits, the Court either dismissed with prejudice Phillips's claims against JPMC or granted summary judgment in JPMC's favor. It is unclear why Phillips seeks dismissal of

4

his claims without prejudice because he has represented to the Court that "[t]here is no future basis for any litigation between Plaintiff and JPMC." (Resp. Mot. Sanctions, Dkt. 8, at 5). Additionally, the Magistrate Judge has concluded that sanctions against Phillips and his counsel are appropriate in this case because this seventh lawsuit is yet another "delay tactic[ ]" by Phillips to prevent foreclosure of the Property. (R. & R., Dkt. 18, at 6–7). In light of these facts, the Court finds that JPMC would be prejudiced were the Court to dismiss, without prejudice, Phillips's claims against JPMC while JPMC's motion for summary judgment is pending. The Court will therefore deny Phillips's motion to dismiss.

### B. Motion for Summary Judgment

JPMC moves the Court for summary judgment in its favor as to all of Phillips's claims against it. (Mot. Summ. J., Dkt. 6, at 11). JPMC has met its initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Phillips did not respond to JPMC's motion. The Court will therefore grant JPMC's motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(e)(2); *Vedol v. Jacobs Entm't, Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011); *Phillips v. JPMorgan Chase Bank, N.A.*, No. A-15-CA-790-SS, 2016 WL 5239852, at *2 (W.D. Tex. Jan. 15, 2016) (Fourth Case) (granting JPMC's motion for summary judgment as unopposed because Phillips failed to timely respond).

In *Vedol*, the Fifth Circuit affirmed the district court's grant of summary judgment as unopposed. 436 F. App'x at 410. The Fifth Circuit reasoned that "[b]ecause Vedol would have borne the burden of proof at trial, at summary judgment she was required to 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.*

5

(quoting *Celotex,* 477 U.S. at 324). Vedol failed to do so because she failed to file any substantive response to the summary judgment motion; therefore the district court did not err in granting it as unopposed. *Id.*

The same result follows here. Phillips has failed to respond in any way to JPMC's motion for summary judgment. Phillips's failure to respond is all the more striking in light of his thorough participation in this case with respect to JPMC's motion for sanctions. (*See* Dkts. 7, 8, 12, 13, 14, 15, 20, 21, 22). The Court will therefore grant JPMC's motion for summary judgment as unopposed.

### IV. CONCLUSION

For the reasons given above, the Court finds that summary judgment should be granted in favor of JPMC on all of Phillips's claims.

Accordingly, **IT IS ORDERED** that JPMC's Motion for Summary Judgment, (Dkt. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Phillips's Motion to Dismiss, (Dkt. 9), is **DENIED**.

**SIGNED** February 28, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE